**HALE & HOLMES CO v ZELLNER, Admrx.**

Ohio Appeals, 8th Dist., Cuyahoga Co.

No 9568.  Decided June 17, 1929

Dustin, McKeehan, Merrick, Arter, & Stewart, Cleveland, for Hale & Holmes Co.

Bersteen & Bersteen, Cleveland, for Zellner.

Judges HUGHES & JUSTICE (3rd Dist.) and WILLIAMS (5th Dist.) sitting.

HUGHES, PJ.

There are but two questions urged upon us for consideration that we deem of merit. The first is the excessiveness of the recovery which was $5,000.00.

It will be observed that his actual loss in wages would amount to less than $1000.00 and that the verdict allowed by the jury is something over $4,000.00 for the pain and suffering over a period of less than six months, there being no claim for damages in this action for wrongful death.

We do not consider it profitable to discuss at length the reasons why we conclude that the amount of the recovery is not sustained by the weight of the evidence but this is our conclusion.  It will be readily seen that if the amount of the verdict is multiplied by the expectancy that this man had to life under the mortality tables, there would be little question in view of the nature of the injuries, that the verdict is excessive and naturally a recovery of this amount covering a period of some six months is certainly not justified by the evidence before us.

The second question urged upon us is that the court erred in failing to charge the law pertaining to contributory negligence and in stating in his charge unequivocally that no claim is made in this case of contributory negligence on the part of the decedent, John R. Zellner.

It is true that no issue is raised by the pleadings.  We think however, under the circumstances of this case, showing the decedent remaining in a public thoroughfare with a complete knowledge of the dangerous and slippery character of the pavement without taking any precaution

**420**

whatever for his own safety, would warrant the jury in concluding that he may have been guilty of negligence contributing directly to the injuries and for this reason we are of the opinion that it was the duty of the court especially when his attention was called to this issue, at the close of the charge, to have charged the law relative to contributory negligence.

For these reasons the judgment is reversed, a new trial ordered and the cause remanded for further proceedings. Exceptions saved.

Justice and Williams, JJ, concur.